# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA HOBBS and CIARA MARTIN, individually and on behalf of similarly situated persons, | ) ) ) ) |
| **Plaintiffs,** | ) CIVIL ACTION ) |
| v. | ) No. 10-1204-KHV ) |
| TANDEM ENVIRONMENTAL SOLUTIONS, INC. a/k/a TESCO and BRAD DUGGINS, | ) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion To Facilitate And Expedite FLSA Section 216(b) Notice (Doc. #15) filed September 30, 2010. On behalf of themselves and others similarly situated, plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for unpaid wages and overtime, among other things.

Plaintiffs ask the Court to conditionally certify the following class: office cleaners that defendants employed for the three-year period prior to the date of class certification whom defendants required to clock out while traveling between job sites, did not pay wages for hours worked and did not pay overtime for hours worked in excess of 40 hours in a single week. See 29 U.S.C. § 216(b) (permitting FLSA class certification). In conjunction with this motion for conditional certification, plaintiffs ask the Court to order defendants to promptly provide them the full name and current or last-known address and telephone number of each potential class member in an electronic or other native format as required by Rule 34, Fed. R. Civ. P; approve plaintiffs' proposed notice and consent to join form; and authorize plaintiffs to send notice of this action to all potential class members.

Defendants argue that FLSA class certification is inappropriate because plaintiffs have not

shown that they are similarly situated to other potential class members. Specifically, they argue that (1) plaintiffs, who were employed by TESCO's Wichita branch, are not similarly situated to employees at other TESCO branches; (2) plaintiffs offer no evidence that defendant Duggins made any decisions outside of TESCO's Wichita division or prior to becoming the Wichita branch manager on August 30, 2009; and (3) plaintiffs have not shown that a single decision, policy or plan affected employees other than plaintiffs.[1]

## **Legal Standards**

29 U.S.C. § 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved a two-tiered, ad hoc approach by which courts determine on a case-by-case basis whether members of a putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). First, the Court makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). At this stage the Court simply decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). The standard for certification at the notice stage is lenient and typically permits conditional certification of a representative class. Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citing Mooney v.

---

[1] Defendants also attack the veracity of plaintiffs' allegations, but the Court does not consider those arguments at this stage of the litigation. See Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 434 (D. Kan. 2007).

Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir.1995)).

## Facts

Plaintiffs' complaint alleges that plaintiffs and potential class members are current or former non-exempt TESCO employees; that defendants required them to clock out to travel from one job site to another; that defendants did not pay them for the hours worked; that defendants did not pay overtime; and that defendants did not and do not keep records of hours worked, in violation of the FLSA. See Complaint – Collective Action (Doc. #1) ¶¶ 12-17.

Plaintiffs have filed sworn declarations in support of their motion. See Declaration Of Melissa Hobbs (Doc. #17) and Declaration Of Ciara Martin (Doc. #18). These declarations state in part as follows: plaintiffs were office cleaners employed by TESCO, Doc. #17 ¶¶ 4-8; Doc. #18 ¶¶ 4-8; plaintiffs were required to drive from one job location to another in their personal automobiles and clock out to travel from one location to the next, Doc. #17 ¶ 9; Doc. #18 ¶ 9; they were paid by the hour, Doc. #17 ¶ 10; Doc. #18 ¶; plaintiffs were never paid overtime for hours in excess of 40 hours per week, Doc. #17 ¶ 11 Doc. #18 ¶ 11; plaintiffs were rarely paid for the total hours they worked in a given week, Doc. #17 ¶ 12; Doc. #18 ¶ 12; defendant Brad Duggins told them that TESCO did not keep records of hours worked, Doc. #17 ¶ 13; Doc. #18 ¶ 13; and that Duggins told plaintiffs that TESCO did not offer overtime pay because plaintiffs worked for different companies under contract with TESCO, Doc. #17 ¶ 14; Doc. #18 ¶ 14.

## Analysis

Plaintiffs argue that potential class members are similarly situated because they performed substantially similar office cleaning duties and defendants treated them the same way by requiring them to clock out while traveling between job sites, not paying for hours worked, and not paying overtime.

-3-

Generally, where putative class members are employed in similar positions, the allegation that the defendant engaged in a pattern or practice of not paying certain wages or not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan. Renfro, 243 F.R.D. at 434 (citing Brown, 222 F.R.D. at 681). Defendants correctly note, however, that plaintiffs make no allegations of company-wide policies or practices.[2] Rather, all of plaintiffs' allegations are against TESCO and Duggins together, and therefore cannot extend beyond Duggins' scope of authority – the Wichita district beginning on July 1, 2009.[3] The Court therefore limits plaintiffs' proposed class to TESCO office cleaners employed by its Wichita branch, on or after August 30, 2009, whom defendants required to clock out while traveling between job sites, did not pay for hours worked and did not pay overtime. Plaintiffs do not make substantial allegations of similarity to employees outside of this class.

In light of this limitation, the Court finds that plaintiffs have satisfied the low notice-stage threshold for showing that plaintiffs and potential members of the class are similarly situated. Because

---

[2] Plaintiffs respond to this argument by pointing to two former TESCO employees – John Earl Humbolt and Matthew Joseph Zenner – who have already filed opt-in consent forms. Although these forms are somewhat unclear, both Humbolt and Zenner seem to have worked in the Wichita district after August 30, 2009. Plaintiffs "concede at this time they are not aware of similarly situated current or former employees at defendants' other divisions located at Topeka, Overland Park and Kansas City, as they or their counsel have not had access to such employee [sic]." Reply Memorandum In Support Of Plaintiffs' Motion To Facilitate And Expedite Section 216(b) Notice (Doc. #25) at 2. Plaintiffs, however, apparently misunderstand the requirements of FLSA conditional class certification – they need not know of individual employees who might be eligible for class membership. Instead, they must allege that defendants' alleged policy or practice applied to those other employees at other branches. Plaintiffs have not done so here.

[3] On July 1, 2009, TESCO hired Duggins to be Assistant Branch Manager in Wichita. See Affidavit of Brad Duggins ¶¶ 4-5. On October 1, 2009, he took over as the Wichita Branch Manager. Id. ¶ 6. Plaintiffs do not allege that Duggins' influence or defendants' alleged policy or practice extended beyond the Wichita branch.

the Court has limited plaintiffs' proposed class, it orders plaintiffs to re-file on or before February 18, 2011 a notice and consent to join form consistent with this order. The Court further orders that on or before February 25, 2011, defendants shall provide plaintiffs the full name and current or last-known address and telephone number of each potential class member in an electronic or other native format as required by Rule 34, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Facilitate And Expedite FLSA Section 216(b) Notice (Doc. #15) filed September 30, 2010 be and hereby is **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that on or before **February 18, 2011**, plaintiffs shall file with the Court a notice and consent to join form consistent with this order.

**IT IS FURTHER ORDERED** that **on or before February 25, 2011**, defendants shall provide plaintiffs the full name and current or last-known address and telephone number of each potential class member in an electronic or other native format as required by Rule 34, Fed. R. Civ. P.

Dated this 7th day of February, 2011 at Kansas City, Kansas.

                                               s/ Kathryn H. Vratil
                                               KATHRYN H. VRATIL
                                               United States District Judge