IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA HOBBS and CIARA MARTIN, )
individually and on behalf of similarly )
situated persons, )
 )
           **Plaintiffs,** )    CIVIL ACTION
 )
v. )    No. 10-1204-KHV
 )
TANDEM ENVIRONMENTAL SOLUTIONS, )
INC. a/k/a TESCO and BRAD DUGGINS, )
 )
           **Defendants.** )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Stipulation Regarding Settlement & Response To This Court's Order Of September 27, 2012 (Doc. #70) filed October 2, 2012, which the Court construes as a supplement to and renewal of the parties' Second Joint Motion For Court Approval Of Settlement And Release Agreement (Doc. #68) filed July 2, 2012.

On behalf of themselves and others similarly situated, plaintiffs brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid wages and overtime, among other things. Before the Court provisionally certified a collective action, Matthew Zenner and John Humbolt filed a "Consent To Opt In" by which they consented to "opt in and become a party plaintiff in the above-captioned matter as a member of the class of individuals described in the complaint." Consent To Opt In (Doc. #5) filed June 29, 2010 (Zenner); Consent To Opt In (Doc. #3) filed June 28, 2010 (Humbolt). Per the parties' stipulation, the Court treats Zenner and Humbolt as party plaintiffs.

On February 23, 2011, the Court provisionally certified the following collective action: "TESCO office cleaners employed by its Wichita branch, on or after July 1, 2009, whom defendants required to clock out while traveling between job sites, did not pay for hours worked and did not pay overtime."

Memorandum And Order (Doc. #32). Four former TESCO employees – Joyce Cooper, Laura Johnson, Becky Marsh and Karen Morphew – then filed a "Consent To Join," each of which stated that the employee gave her "consent to be a party plaintiff" in this case. Consent To Join (Doc. #42) filed May 20, 2011 (Cooper); Consent To Join (Doc. #40) filed May 17, 2011 (Johnson); Consent To Join (Doc. #38) filed March 22, 2011 at 1 (Marsh); id. at 2 (Morphew). Per the parties' stipulation, the Court treats these employees as members of the provisionally certified collective action.

The parties subsequently mediated the case and settled. Id. at 3. As required by the FLSA, they then asked the Court to approve the settlement and release agreement. Joint Motion For Court Approval Of Settlement And Release Agreement (Doc. #63) filed May 1, 2012. The Court overruled the parties' motion because they had not requested final collective action certification, and had not provided sufficient information to determine whether plaintiffs and class members were similarly situated or whether the settlement was fair and reasonable. Memorandum And Order (Doc. #66) filed June 4, 2012.

After the Court overruled the parties' first motion for settlement approval, plaintiffs withdrew their request for collective action certification. Withdrawal Of Request For Collective Action Certification (Doc. #67) filed June 29, 2012. The withdrawal stated that Morphew and Cooper were not eligible to be in the class because they did not meet the class definition, Johnson should be dismissed without prejudice because she could not be located and Marsh would not be affected by the withdrawal because the proposed settlement gave her the full amount of overtime compensation she claimed. Id. The parties agree that "[i]t is clear that plaintiffs did not have a viable collective action case." Second Joint Motion For Court Approval Of Settlement And Release Agreement (Doc. #68) at 4. The Court therefore does not grant final collective action certification to the class which it previously provisionally certified. The parties renew their request for settlement approval. Id. at 1; see also Joint Stipulation

Regarding Settlement & Response To This Court's Order Of September 27, 2012 (Doc. #70) (which the Court construes as renewal of request for settlement approval).

**I.     Settlement Approval**

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. McCaffrey v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  The provisions of the FLSA are not subject to private negotiation between employers and employees.  See Lynn's Food Stores, 679 F.2d at 1352 (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)); Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F. Supp.2d 714, 718 (E.D. La. 2008).

To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees.  See McCaffrey, 2011 WL 32436, at *2. The settlement agreement before the Court is between defendants TESCO and Brad Duggins, and plaintiffs Hobbs, Martin, Humbolt and Zenner.  Marsh is also party to the agreement.[1]

**A.     Bona Fide Dispute**

Here, a bona fide dispute exists as to whether plaintiffs are entitled to recover unpaid wages and overtime for the time spent traveling from one location to another to complete janitorial duties. Defendants dispute that plaintiffs are entitled to recover for travel time either because plaintiffs did not

---

[1] Because the Court declined to grant final collective action certification, Marsh no longer has any claim in this case.  However, she will be compensated under the settlement agreement.

travel, plaintiffs' travel time was minimal or defendants paid plaintiffs for travel time. Defendants dispute plaintiffs' calculation of unpaid wages and overtime. Based on findings in a proceeding before the U.S. Department of Labor, defendants also contend that plaintiffs claims are barred by res judicata. In addition, defendants dispute whether Martin made a report to the Department of Labor and whether Humbolt is a non-exempt employee under the FLSA.

### B.     Fair And Equitable Settlement

To determine whether a proposed settlement under Section 216(b) is fair and equitable to all parties, courts have regularly applied the same fairness factors as apply to a proposed class action settlement under Rule 23(e), Fed. R. Civ. P., which include (1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and (4) the judgment of the parties that the settlement is fair and reasonable. Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2011 WL 162403, at *3 (D. Kan. Jan. 19, 2012) (citing McCaffrey, 2011 WL 32436, at *5).

The Court also considers various contextual factors pertinent to the statutory purpose of the FLSA, some of which overlap with the factors listed above. These "contextual" factors include (1) defendants' business, (2) the type of work performed by plaintiffs, (3) the facts underlying plaintiffs' reasons for justifying their claims, (4) defendants' reasons for disputing plaintiffs' claims, (5) the relative strength and weaknesses of plaintiffs' claims, (6) the relative strength and weaknesses of defendants' defenses, (7) whether the parties dispute the computation of wages owed, (8) each party's estimate of the number of hours worked and the applicable wage and (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims.

McCaffrey, 2011 WL 32436, at *5 (citing Dees, 706 F. Supp.2d at 1243-44).

As noted above, questions of law and fact exist with respect to plaintiffs' claims and defendants' defenses. The parties acknowledge that these unresolved legal and factual issues place the ultimate outcome of the litigation in doubt. Moreover, the settlement agreement is the product of arms-length negotiations during mediation with an experienced mediator. The Court sees no evidence of fraud or collusion.

With respect to the probability of plaintiffs' success on the merits, and the amount of settlement in relation to potential recovery, plaintiffs' counsel states that "[t]he value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation." Second Joint Motion For Court Approval Of Settlement And Release Agreement (Doc. #68) at 4. Plaintiffs in question – Hobbs, Martin, Humboldt and Zenner – obviously find the settlement fair and reasonable, because they have agreed to it.

Under the FLSA, plaintiffs would be entitled to liquidated damages in addition to compensation for back pay if they prevailed at trial. Nevertheless, plaintiffs and their counsel agree that obtaining immediate relief through the settlement agreement outweighs the possibility of recovering more after prolonged litigation. If plaintiffs were to prevail, they estimate that each plaintiff would be entitled to the following amounts for unpaid wages and/or overtime:

    Melissa Hobbs:    $7,650.00
    Ciara Martin:      $862.00
    John Humbolt:    $4,650.00
    Matthew Zenner:   $288.00

The settlement provides compensation as follows:

| | |
|---|---|
| Melissa Hobbs: | $5,000.00 |
| Ciara Martin: | $3,000.00 |
| John Humbolt: | $2,512.00 |
| Matthew Zenner: | $288.00 |
| Becky Marsh: | $92.00 |

The total settlement amount, excluding attorney fees, is $10,892.00.[2] In light of all the circumstances, and for the reasons discussed above, the Court finds that the settlement is fair and reasonable.

### C.    Attorney Fees And Costs

The FLSA requires that settlement agreements include an award of "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); Gambrell, 2012 WL 162403, at *3. Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. Gambrell, 2012 WL 162403, at *3 (citing Wright v. U-Let-Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986)). To determine whether attorney fees are reasonable, the Court looks to the lodestar – that is, the number of hours worked multiplied by the prevailing hourly rates, Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1669 (2010) – and the 12 factors listed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995); Fulton v. TLC Lawn Care, Inc., No. 10-2645-KHV, 2012 WL 1788140, at *5 (D. Kan. May 17, 2012).

Plaintiffs seek $9,500.00 in attorney fees and costs. To support their request, plaintiffs have submitted a time sheet from the Eron Law Office. The time sheet indicates that lead counsel, Joseph

---

[2] The parties do not explain why Martin is the only one receiving more than her estimated unpaid wages and overtime. Presumably, this is because only Martin has a retaliation claim in addition to her claim for unpaid wages and overtime. See Complaint (Doc. #1) filed June 24, 2010.

Cassell, spent 47.4 hours on the case over nearly two years at a rate of $210 per hour. His assistant spent 17.3 hours at a rate of $65 per hour. Under these times and rates, the total fee equals $11,078.50. The total costs are $504.38. The costs, which the Court finds to be reasonable, consist of filing and service fees, and copying and postage costs. Together, the fees and costs equal $11,582.88 – roughly $2,000.00 more than the amount of fees and costs which plaintiffs seek.

Plaintiffs' motion, however, provides no basis for determining whether the hourly rates which Cassell and his assistant billed are reasonable. In a recent FLSA case where plaintiffs did not adequately support the requested hourly rate, the Court found that $168.58 was a reasonable hourly fee for attorneys who work on wage and hour cases. Wilhelm v. TLC Lawn Care Inc., No. 07-2465-KHV, 2009 WL 57133, at *5 (D. Kan. Jan. 8, 2009); see also Gardner v. Sprint/United Mgmt. Co., No. 08-2559, 2009 WL 1917408, at *3 (D. Kan. July 2, 2009). Reducing the hourly rate of Cassell's assistant by a proportional amount, a reasonable hourly rate for her is $52.18. Based on these hourly rates, the lodestar is $8,893.41. The total amount of reasonable fees and costs is $9,397.79. This amount is close to the $9,500.00 in fees and costs on which the parties agreed.

The 12 Johnson factors, which the Court must also consider, are as follows: (1) time and labor required, (2) novelty and difficulty of question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. Rosenbaum, 64 F.3d at 1445; Johnson, 488 F.2d at 717-19.

Having considered these factors and the lodestar calculated above, the Court finds that plaintiffs' request of $9,500.00 in attorney fees and costs is reasonable. The Court therefore approves the settlement agreement between defendants TESCO and Brad Duggins, and plaintiffs Hobbs, Martin, Humbolt and Zenner.

**IT IS THEREFORE ORDERED** that the parties' Joint Stipulation Regarding Settlement & Response To This Court's Order Of September 27, 2012 (Doc. #70) filed October 2, 2012, which the Court construes as a supplement to and renewal of the parties' Second Joint Motion For Court Approval Of Settlement And Release Agreement (Doc. #68) filed July 2, 2012, be and hereby is **SUSTAINED**. The Court approves the parties' settlement and dismisses the case.

Dated this 4th day of October, 2012 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge